UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODERICK DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:06-CV-323-TS |
| ALLEN COUNTY SHERIFF, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Roderick Davis, a *pro se* plaintiff, has filed yet another lawsuit in this Court along with a petition seeking leave to proceed *in forma pauperis* [DE 2]. The Court now examines the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

Mr. Davis begins by discussing a lawsuit that he filed in 2002 (*Davis v. McGauley*, 1:02-CV-338 (N.D. Ind. filed October 22, 2002)). He alleges that during that lawsuit he, "unfolded a conspiracy and [he] tried to bring it to the federal courts attention, though the judge wouldn't let [him] argue the facts or more or less wouldn't listen." Compl. at 3. That case was dismissed with prejudice on December 17, 2004, in response to a stipulation of dismissal signed by Mr. Davis and his attorney. To the extent that Mr. Davis is attempting to re-litigate any of those claims, they are barred by *res judicata*: a judicial doctrine that prevents re-litigating claims.

Mr. Davis alleges that "the Superior Courts, Public Defenders Office and Prosecutors Office were now conspiring with Allen County Sheriff's Jail, Pat Kite, and John Feighner." These claims are not new either. In *Davis v. Allen County Sheriff*, 1:05-cv-163 (N.D. Ind. filed May 16, 2005) and

in *Davis v. Allen County Sheriff*, 1:05-cv-246 (N.D. Ind. filed July 22, 2005), this Teutonic conspiracy was twice presented and twice dismissed.

> It is not believable that monies intended for jail renovations were illegally spent to pay for medical care for the Plaintiff's in-laws. Neither was he the source of replacement funds to complete the jail renovations. The allegation that the county allowed him to be separated from his biological children so it could use him to its advantage, is also delusional.
> The Plaintiff states that the prosecutor and his public defender "are saying that I'm not competent to stand trial." (Pf.'s Comp. at 14.) He states that they are "writing to claim I need a mental evaluation." (Id.) Though it is not for this court to resolve those questions, it is nonetheless clear that the Plaintiff's claims here are factually frivolous.

*Davis v. Allen County Sheriff*, 1:05-cv-163 (N.D. Ind. filed May 16, 2005), Order of Dismissal dated June 9, 2005, docket entry 13 at 3-4.

> Mr. Davis states, "I'm only very upset emotionally and mentally for this conspiracy breaking up what I thought was my family." "I'm legally disabled physically and have a split personality disorder from a coma and multiple brain trauma I suffered from in 1990 and gun shot in 1997."
> Even on the face of the complaint, Mr. Davis's claims lack foundation. His allegations that Allen County and its employees with German surnames are involved in a conspiracy with his ex-wife and her family to take advantage of Mr. Davis whenever the county encounters financial difficulties are so incredible that the dismissal of the complaint is warranted.

*Davis v. Allen County Sheriff*, 1:05-cv-246 (N.D. Ind. filed July 22, 2005), Order of Dismissal dated August 16, 2005, docket entry 9 at 2 (citations omitted).

Mr. Davis goes on to discuss jail staff whom he believes used excessive force against him. He states that, "I filed lawsuits though the courts dismissed them." Compl. at 3. Indeed, in *Davis v. Allen County Sheriff*, 1-05-cv-225 (N.D. Ind. filed July 5, 2005), the court found that,

> Based solely on his own complaint, Mr. Davis was a mentally ill prisoner who had spent an extended period of time in segregation. He refused to cuff up and he moved away from the officers when they ordered him to cuff up behind his back. Mr. Davis did not want to be cuffed, he preferred to be cuffed in front, and he wanted to move to a different area of the jail; but he was a prisoner and it was not for him to dictate

2

> to the guards when or where he would be restrained. Even after he was taken to the ground by several officers, Mr. Davis continued to resist and the officers used additional force to cuff him. This court will not second guess the decisions of guards who faced a noncompliant inmate. Though it may seem that the officers used more force than was necessary and though it may seem that they were less patient than they could and should have been, this court will not second guess them based on the facts alleged in this pleading. The officers described in the complaint were justified in using force to obtain compliance with the order to cuff up behind his back and this complaint is merely an argument over the reasonableness of the particular force which was used and an argument that superior alternatives may have existed. This does not state a claim.

*Davis v. Allen County Sheriff*, 1-05-cv-225 (N.D. Ind. filed July 5, 2005), Order of Dismissal dated July 11, 2005.

Finally, Mr. Davis discusses his criminal history in the context of a conspiracy between the judge, prosecutor, and defense attorney which forced him to accept a plea agreement but ultimately changed his social security number and dismissed all of the charges against him after he was released from prison. He states that, "this I feel is being done to keep me quiet or make me happy I'm not sure." Compl. at 4.

As with two of his prior lawsuits discussed above, this one lacks foundation and, is factually frivolous. To the extent that his claims are not otherwise barred by *res judicata*, they are unbelievable. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (noting that suits can be dismissed as factually frivolous when "the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity").

For the foregoing reasons, the *in forma pauperis* petition [DE 2] is DENIED and the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on September 29, 2006.

                                           s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION